UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL BRIAN WADE,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 25-cv-09623-PHK<br><br>**ORDER GRANTING AS MODIFIED REQUEST FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>Re: Dkt. 31 |

**INTRODUCTION**

This is a civil rights case. All Parties have consented to Magistrate Judge jurisdiction over all proceedings in this case. [Dkt. 4; Dkt. 16].

On March 20, 2026, the Parties filed a proposed Stipulated Protective Order in this action, based on the Northern District of California's Model Protective Order for Standard Litigation ("Tier 1 MPO"). [Dkt. 31]. Among other things, the Parties propose edits to Sections 6.2 and 6.3 of the Tier 1 MPO, which would remove the requirement that meet and confers regarding confidentiality designation disputes be conducted by voice communication, and which would remove all of the default deadlines for resolving such disputes and seeking judicial intervention of the same.

For the reasons set forth herein, the Court **DENIES** the Parties' proposed modifications to Sections 6.2 and 6.3 of the Tier 1 MPO and **ISSUES** the Stipulated Protective Order **AS MODIFIED** herein.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 26 grants the Court discretion and authority to engage in

"continuing and close judicial involvement" in discovery in the case and to exercise effective judicial management of discovery.  *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("The present amendment again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management. . . . [T]here will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own.").  "District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion." *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011); *see also Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested.  *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"); *see also Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ("We do not see how the district court abused the very wide discretion it is allowed in handling pretrial discovery.").

Rule 26(c) provides that the Court may, for good cause shown, "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense" by issuing a protective order which "specif[ies] terms" for how discovery shall occur.  Fed. R. Civ. P. 26(c)(1).  "The burden is upon the party seeking [a protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

"Control of pretrial discovery, including the entry or modification of a protective order, is a matter falling peculiarly within the discretion of the district court." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988).  Indeed, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  Consistent with this broad discretion to

United States District Court
Northern District of California

2

United States District Court
Northern District of California

formulate the terms of protective orders under Rule 26, courts have equally broad discretion to modify their own protective orders. *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995) ("A District Court Has Discretion Whether or Not to Modify Protective Orders. . . . Some circuits even suggest that district courts have more discretion in this area than in other areas.").

The Northern District of California has "approved" the Model Protective Orders it provides online, and the Model PO's terms are "deemed to be presumptively reasonable in most cases." *Rabin v. Google LLC*, 702 F. Supp. 3d 880, 882 (N.D. Cal. 2023); *see* CAND Model Protective Orders, https://cand.uscourts.gov/rules-forms-fees/northern-district-guidelines/model-protective-orders (last visited March 30, 2026) ("The protective orders on this page are court-approved model forms."). "A party seeking to deviate from the [Northern District's] model protective order bears the burden of showing the specific harm and prejudice that will result if its request is not granted." *Hernandez v. Syncrasy*, No. 21-cv-09212-CRB (LJC), 2023 WL 2600452, at * 2 (N.D. Cal. Mar. 21, 2023) (quoting *ESC-Toy Ltd. v. Sony Interactive Ent. LLC*, No. 21-CV-00778-EMC-DMR, 2022 WL 1714627, at *2 (N.D. Cal. May 27, 2022)).

**ANALYSIS**

Here, the Parties seek the following substantive modifications to the Tier 1 MPO: (1) the deletion of Section 6.2's requirement that meet and confers regarding confidentiality designation disputes be conducted "in voice to voice dialogue . . . within 14 days of the date of service of notice;" and (2) the deletion of Section 6.3's requirements that motions challenging confidentiality designations be filed "within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier," and that failure to timely file such motions "shall automatically waive the confidentiality designation for each challenged designation."

The Court finds that these proposed edits are not appropriate. Specifically, omitting the default deadlines for raising disputes with the Court potentially leaves disputes subject to lingering indefinitely until a motion is filed either at the last minute or at such time chosen by the movant in a way which may seek improper tactical advantage by distracting from other issues. Further,

3

removing the deadlines in the Tier 1 MPO risks such disputes never actually getting resolved if no motion is filed before trial. Further, the removal of the requirement of voice communication is contrary to both the Tier 1 MPO and Section H of this Court's Standing Discovery Order. In this Court's experience, in-person meet and confers are generally most effective in resolving or narrowing disputes. Again, in general, the undersigned has found that live video conference meet and confers are second-best in terms of effectiveness, and telephonic voice communication is a minimal requirement. Parties and counsel who only communicate about disputes by email or correspondence are at much greater risk of ineffectively negotiating and compromising discovery disputes.

The Court finds insufficient justification for the Parties' proposed modifications of these provisions of the Tier 1 MPO, as the potential negative impacts of these proposed modifications outweigh any benefits. To the extent that the Parties seek to omit Section 6.2's requirement that meet and confers be conducted via voice communications, the harm is that meet and confer cannot be done simply by email or correspondence, because direct verbal communication is often much more effective in resolving disputes. Further, as noted, the proposed modification is in contravention of the meet and confer requirements set forth in Section H of this Court's Discovery Standing Order, as well as the definition of "meet and confer" set forth in this District's Civil Local Rules. *See* Civil L.R. 1-5(n) (citing Fed. R. Civ. P. 26(f)).

To the extent that the Parties seek to omit Section 6.3's default deadlines for filing motions challenging confidentiality designations, such modification effectively relieves the Parties of the duty to diligently resolve disputes and potentially allows such disputes to linger in perpetuity (or for motions to be filed at a moving party's full discretion to choose timing that is inconvenient, tactical for other purposes, or disruptive of the case management schedule contemplated by the Court). Because both the Court and the Parties are responsible for efficient and effective case management, the Court finds that it is inappropriate to completely omit the standard deadlines in Section 6.3 of the Tier 1 MPO. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("It is expected that discovery will be effectively managed by the parties in many cases."); *see also* N.D. Cal. Guidelines for Professional Conduct at Guideline 9 ("[a] lawyer

4

should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute." and as referenced by Civil L.R. 11-4), available at https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/ (last visited April 10, 2026).

Accordingly, **IT IS ORDERED THAT:**

1. The Protective Order in this case shall use the default language of Section 6.2 and Section 6.3 of the Tier 1 MPO.

2. The Parties' request for entry of the proposed stipulated protective order [Dkt. 31] is **GRANTED AS MODIFIED** herein.

3. The Stipulated Protective Order as Modified herein **SHALL ISSUE** by separate Order.

**IT IS SO ORDERED.**

Dated:  April 14, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

5