United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL BRIAN WADE,
Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,
Defendants.

Case No. 25-cv-09623-PHK

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. 27

Michael Brian Wade ("Plaintiff"), appearing *pro se*, brings this action against the City and County of San Francisco ("CCSF") and San Francisco Police Officers Peter Van Zandt and Raymond Biagini (collectively, "Defendants"). *See* Dkt. 26. The Parties have consented to proceed before a Magistrate Judge for all purposes, including entry of a final judgment under 28 U.S.C. § 636(c). *See* Dkts. 4, 16, 19.

Now before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). [Dkt. 27]. The Court heard oral argument on the instant motion on June 18, 2026. [Dkt. 41]. After carefully reviewing the motion and all relevant documents, and considering the arguments of the Parties, for the following reasons, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff is **GRANTED LEAVE TO AMEND** the complaint within **thirty (30) days** of the date of this Order.

## RELEVANT BACKGROUND

The following summary is based on the allegations in Plaintiff's FAC [Dkt. 26] and as understood by the Court from arguments made at the June 18 hearing:

The FAC alleges claims "arising from Plaintiff's arrest, detention, and the issuance of an

Emergency Protective Order ("EPO") on August 17, 2022" and from "subsequent retaliatory misuse of official SFPD authority and resources in connection with Plaintiff's protected complaint activity." [Dkt. 26 at 1]. Plaintiff alleges that he "could not reasonably discover critical facts supporting these claims until the 2024 proceedings." [Dkt. 26 at 3].

On or about August 16, 2022, Plaintiff recorded a video of his ex-wife stating, "The cops are going to come and you're going to get taken away, not me, you." [Dkt. 26 at 4]. On August 17, 2022, an EPO was issued and Plaintiff was arrested on allegations of domestic violence. [Dkt. 26 at 4]. Plaintiff was detained overnight at Bayview Station, under conditions he alleges were punitive and unnecessary, "including the presence/observation of Plaintiff during detention by an officer associated with Defendant Biagini, under circumstances suggesting a personal rather than legitimate law enforcement purpose." [Dkt. 26 at 5]. The FAC states that "Defendant Biagini's romantic relationship with [Plaintiff's ex-wife] provided motive and context for coordination and Plaintiff's arrest and detention." [Dkt. 26 at 9].

Plaintiff alleges that Defendant Van Zandt prepared or contributed to the underlying police report that included the false assertion that Plaintiff possessed a firearm and further "referenced bruising/injury that was not observed by officers." [Dkt. 26 at 4]. Plaintiff further alleges that his ex-wife and the individual Defendants "communicated by phone/text and/or electronic messaging" and "took coordinated steps" in furtherance of having Plaintiff arrested and an EPO issued. [Dkt. 26 at 9]. Plaintiff claims that CCSF is duly liable for their failure to supervise, train, and discipline officers regarding the misuse of official channels for personal disputes. [Dkt. 26 at 9].

Plaintiff ultimately submitted a complaint to the San Francisco Department of Police Accountability ("DPA") "concerning Defendant Biagini's conduct." [Dkt. 26 at 6]. According to the FAC, the DPA's preliminary findings, issued June 9, 2025, include "'Improper Conduct' as to an allegation of 'Inappropriate Use of Database or Confidential Information,' and a finding of 'Insufficient Evidence' as to an allegation of 'Unauthorized Disclosure.'" [Dkt. 26 at 6]. Plaintiff alleges that his filing of the DPA complaint led Defendant Biagini to "cause[] an adverse employment-related communication to be sent on SFPD letterhead to a third party associated with Plaintiff's work, resulting in [Plaintiff's] removal from a City/SFPD retirement plan account and

scrutiny/investigation." [Dkt. 26 at 8].

Plaintiff filed the FAC on February 23, 2026. *See* Dkt. 26. The Defendants filed the instant motion to dismiss on March 9, 2026. *See* Dkt. 27. A motion hearing was held before the undersigned on June 18, 2026. *See* Dkt. 41. At the hearing, Plaintiff referenced seemingly relevant dates and facts that were not included in his FAC. *See* Dkt. 43. Plaintiff additionally conceded that not every claim applies to each Defendant. *See* Dkt. 41 at 2-4.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While *pro se* pleadings are liberally construed, *see Chambers v. C. Herrera*, 78 F.4th 1100, 1108 (9th Cir. 2023), a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

In analyzing a motion to dismiss under Rule 12(b)(6), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citations omitted). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). In other words, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555; *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). The Court accepts as true all well-pled allegations of material fact and construes them in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire and Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008).

## DISCUSSION

Plaintiff's FAC alleges that the Defendants "caused or contributed to constitutional violations through false and misleading statements, material omissions, improper coordination, and misuse of official authority and systems for personal purposes." [Dkt. 26 at 2]. His first cause of action is titled "42 U.S.C. § 1983 (Fourth Amendment – Unreasonable Seizure / False Arrest / Unlawful Detention)." [Dkt. 26 at 7]. The second cause of action is titled "42 U.S.C. § 1983 (Fourteenth Amendment – Fabrication of Evidence / Deprivation of Liberty Without Due Process)." [Dkt. 26 at 8]. The third cause of action is titled "42 U.S.C. § 1983 (First Amendment Retaliation)." [Dkt. 26 at 8]. The fourth cause of action is titled "42 U.S.C. § 1983 (Conspiracy / Joint Action to Deprive Constitutional Rights)." [Dkt. 26 at 8-9]. The fifth cause of action is "Municipal Liability (Monell) – 42 U.S.C. § 1983 Against CCSF." [Dkt. 26 at 9-10]. The sixth cause of action is titled "California Bane Act (Cal. Civ. Code § 52.1)." [Dkt. 26 at 11]. The seventh cause of action is titled "Intentional Infliction of Emotional Distress (IIED)." [Dkt. 26 at 11]. The eighth cause of action is titled "False Arrest / False Imprisonment (California Law)." [Dkt. 26 at 11]. The ninth cause of action is titled "Negligence / Negligent Supervision and Training." [Dkt. 26 at 11]. The tenth and final cause of action is titled "Abuse of Process (State Law)." [Dkt. 26 at 11].

Defendants move to dismiss the FAC for Plaintiff's failure to state a claim upon which relief can be granted. *See* Dkt. 27. Specifically, Defendants argue that Plaintiff's claims stem from events that occurred in 2022 and are thus barred by the statute of limitations. Defendants further argue that because Plaintiff failed to timely submit a government claim, his state law claims are barred by the Government Code. Defendants separately contend that Plaintiff has not alleged facts sufficient to plausibly state the asserted claims.

The bulk of Plaintiff's claims fall under 42 U.S.C. § 1983, which require Plaintiff to show that "(1) an action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Risby v. Hawley*, No. 24-CV-06734-JCS, 2025 WL 4772061, at *4 (N.D. Cal. Mar. 25, 2025) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). A claim pursuant to Section 1983 must be asserted against a "person", such as an individual officer, who acted under color of state law. *Id.* at 5; 42 U.S.C. § 1983. Although Plaintiff can sue

CCSF under Section 1983, "there is no vicarious liability under that statute, meaning that it can be held liable for constitutional violations arising from the conduct of its officers only if that conduct is the result of an official policy of [CCSF]." *Id; see also Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978) ("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")

Claims under § 1983 "are subject to the state statute of limitations for personal injury claims. In California, that state rule is two years." *Haskell v. Fadem*, 797 F. Supp. 3d 1062, 1071 (N.D. Cal. 2025) (citations omitted). The accrual date of such claims is a matter of federal law. *See Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*; *see also Wallace v. Kato*, 549 U.S. 384, 391, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *Thomas v. Cnty. of Humboldt*, *Cal*., 124 F.4th 1179, 1191 (9th Cir. 2024) (citation omitted).

Plaintiff originally initiated this action on November 7, 2025. *See* Dkt. 1. Defendants contend that Plaintiff's federal claims are time-barred because they all began accruing, or depend on claims that began accruing, in 2022. [Dkt. 27 at11-14]. In briefing and at the hearing, however, Plaintiff claims that he did not discover the underlying facts of the instant suit until 2024. [Dkt. 43 at 8]. "The issue here, then, is when [Plaintiff] knew, or in the exercise of reasonable diligence should have known, of the injuries forming the basis for her action and their cause." *Gregg v. Hawaii*, *Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

Plaintiff bears the burden of showing the "time and manner" in which he discovered the underlying claims as well as his "inability to have made earlier discovery despite reasonable diligence." *Vitale v. Wells Fargo Bank Nat'l Ass'n*, No. 5:23-CV-06019-BLF, 2024 WL 4469184, at *6 (N.D. Cal. Oct. 9, 2024) (citing *Carillo v. Cnty. of Santa Clara,* 89 Cal. App. 5th 227, 234 (2023)). As his FAC currently stands, though, it is entirely unclear which Defendant is responsible for what claim, let alone what facts were known or reasonably discoverable at the time of the



United States District Court
Northern District of California

underlying events. At the hearing, Plaintiff referenced facts that may weigh in his favor—such as the individual Defendants' testimony at a hearing on August 23, 2024—but the FAC does not allege such information in a way that clarifies the timeline or makes clear to the Court how and where Plaintiff discovered such information. Moreover, Plaintiff's allegations trend towards "a formulaic recitation of the elements of a cause of action" rather than present "a short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Such conclusory allegations "will not do" when evaluating the sufficiency of a complaint. *Id.*

Plaintiff conceded that allegations stated in his original complaint and at the hearing did not make it into the drafting of his FAC. [Dkt. 43 at 12-14]. Because "[a]mended complaints supersede the original, 'the latter being treated thereafter as non-existent,'" the Court cannot reference the allegations stated beyond what is presented in the FAC. *Nordheim v. EOIR*, No. 25-CV-08649-TLT, 2025 WL 3564206, at *3 (N.D. Cal. Dec. 12, 2025) (citing *Ramirez v. Cnty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)). However, the standard to permit amendment is a liberal one and leave must be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, Plaintiff will be given an opportunity to amend his complaint again. *See, e.g., Carbajal v. City of San Jose, et al.,* No. 26-CV-00884-VKD, 2026 WL 3027633, at *3 (N.D. Cal. Oct. 8, 2026) (granting leave to amend where "allegations are vague as to what conduct, if any, is attributable to any particular defendant"). Accordingly, for the reasons discussed herein and at the June 18 hearing, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff is **GRANTED LEAVE TO AMEND** the complaint within **<u>thirty (30) days</u>** of the date of this Order.

Because Plaintiff is proceeding without counsel, the Court provides guidance on any amendment to the complaint. Plaintiff should streamline his allegations to provide a clear, concise account of the specific injuries he personally suffered and the corresponding actions by each Defendant that are tied to and allegedly caused those injuries. He should be careful to make clear the "time and manner" in which he discovered each underlying fact as well as explain the reason for his "inability to have made earlier discovery despite reasonable diligence."

Because Plaintiff has an opportunity to amend his allegations, it is premature to rule on

whether the alleged claims are barred by the statute of limitations. Further, the Court will defer ruling on whether it will exercise supplemental jurisdiction over Plaintiff's state law claims. However, Plaintiff should be aware of the likelihood that Defendants will move for dismissal on similar grounds and should be careful to craft any amended complaint with an eye toward their likely defense.

## ADVISEMENT OF PRO SE RESOURCES

Plaintiff is **ADVISED** that there are several resources for pro se litigants. The Court makes available a guide for pro se litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_9-2024_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for pro se litigants: https://cand.uscourts.gov/pro-selitigants/.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants City and County of San Francisco, Peter Van Zandt, and Raymond Biagini's motion to dismiss. Plaintiff is **GRANTED LEAVE TO AMEND** the complaint within **thirty (30) days** of the date of this Order.

This **RESOLVES** Dkt. 27.

**IT IS SO ORDERED.**

Dated: November 23, 2026

PETER H. KANG
United States Magistrate Judge